IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AUSTIN R. BERG, III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-1238-CV-W-ODS ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## **ORDER AND OPINION AFFIRMING FINAL DECISION**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying her disability application. The Commissioner's decision is affirmed.

### I. BACKGROUND

Plaintiff is a 47-year-old man with a work history as a bartender, car salesman, and truck driver. He claims he has been disabled since October 25, 2007, when he injured his back while working. He smokes 1/2 a pack of cigarettes per day. The ALJ determined Plaintiff had the following severe impairments: mild degenerative disc disease of the lumbar spine; diabetes mellitus; hypertension; sleep apnea; obesity; minimal degenerative changes of the right hand; and depression.

During the ALJ's hearing, the ALJ described to the vocational expert (VE) a hypothetical worker able to do the full range of light work except for several limitations, including the need to have an at-will sit/stand option. The VE identified three jobs the hypothetical worker could perform: cashier; photocopy machine operator; and bench assembler.[1]

---

[1] Plaintiff asserts the VE "assum[ed] the hypothetical person was standing at least six hours or alternating sitting and standing in the other two hours – at the work station." If Plaintiff meant to write that the VE assumed the hypothetical worker was

In his decision denying benefits, the ALJ's residual functional capacity (RFC) assessment reflected abilities similar to those of the hypothetical worker described at the hearing – able to do light work but with several limitations, including the need for an at-will sit/stand option. But in the RFC assessment, the ALJ also stated Plaintiff retained the capacity to sit for 6 hours in an 8-hour day, stand for 4 hours in an 8-hour day, and walk for 2 hours in an 8-hour day. Based on the jobs identified by the VE at the hearing, the ALJ concluded there were a significant number of jobs in the local and national economies Plaintiff could perform, precluding a finding of disability.

## II. DISCUSSION

"The Social Security Act provides for judicial review of final decisions of the Commissioner, which is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision, and whether the Commissioner correctly applied the relevant legal standards." *Mason v. Barnhart*, 406 F.3d 962, 964 (8th Cir. 2005) (citations omitted). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Martise v. Astrue*, 641 F.3d 909, 920-21 (8th Cir. 2011) (citation omitted). "The court must . . . take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." *Id.* at 921 (citation omitted).

Plaintiff raised two issues in his opening brief, but he later expressly abandoned the second issue. That leaves the first issue: whether the ALJ formulated an RFC assessment that contained more restrictive limitations than the hypothetical worker described to the VE. "'A hypothetical question must precisely describe a claimant's impairments so that the vocational expert may accurately assess whether jobs exist for the claimant.'" *Howard v. Massanari*, 255 F.3d 577, 581-82 (8th Cir. 2001) (citation omitted).

---

standing for 6 hours *and* sitting/standing the other 2 hours, the hearing transcript does not support this assertion.

Both the ALJ's hypothetical presented to the VE and the RFC assessment included the ability to do light work with an at-will sit/stand option. The relevant difference between the RFC assessment and the hypothetical was that the RFC assessment stated Plaintiff could sit 6 hours in an 8-hour day, stand 4 hours in an 8-hour day, and walk 2 hours in an 8-hour day, while the hypothetical did not state how long the worker could do these activities.

Plaintiff's argument is twofold. First, he contends that the addition of the 2-hour walking limitation in the RFC assessment is significant because light-work jobs are generally performed at a work station.[2] Plaintiff asks, "How can he perform a light job . . . if he is walking around?" The flaw in this contention is that walking was identified as an (albeit limited) *ability* of Plaintiff's, not a *need*. There was nothing in the ALJ's RFC that *required* Plaintiff to walk around. Plaintiff's first contention is rejected.

Second, Plaintiff contends the ALJ's decision should be reversed because the hypothetical did not include the limitation of standing only 4 hours per day. The Commissioner argues that the failure to mention how long the worker could stand in the hypothetical is not reversible error because the hypothetical included the need for an at-will sit/stand option.[3] Plaintiff counters that the 4-hour standing limitation is inconsistent with the option to sit/stand at will: "If Berg can only stand 4 hours a day – he does not have the *ability* to 'sit/stand' at will" (emphasis added).

Plaintiff again is confusing abilities with needs. The ALJ did not describe a hypothetical worker with the *ability* to sit/stand at will; this was a *need*. The total time Plaintiff can sit (6 hours) and stand (4 hours) is 10 hours, which means that an 8-hour-a-day job with an at-will sit/stand option can accommodate him. The length of time

---

[2] Plaintiff also argues walking and standing are different activities. Although the Court is not entirely sure, Plaintiff appears to have done this to further highlight that the ALJ's hypothetical did not mention walking in any way (while standing was addressed with the sit/stand option). The Commissioner does not dispute this point.

[3] Plaintiff also argues the Commissioner's argument is an inappropriate *post-hoc* rationalization. But the Commissioner is simply arguing that the hypothetical described Plaintiff's impairments with sufficient precision. The Court would not expect this argument to first appear in the ALJ's decision.

Plaintiff can sit or stand does not affect his ability to do the jobs identified by the VE. Plaintiff's argument is rejected.

III. CONCLUSION

The Commissioner's decision is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 12, 2011   UNITED STATES DISTRICT COURT